IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| RICARDO F. AYALA, | ) |
| | ) Bankruptcy No. 10-02554 |
| Debtor. | ) |

### ORDER RE U.S. TRUSTEE'S MOTION TO EXAMINE COMPENSATION

This matter came before the undersigned at a hearing on October 19, 2010 on the U.S. Trustee's Motion for Examination of Compensation Paid to the Debtor's Former Bankruptcy Counsel. Attorney John Schmillen appeared for the U.S. Trustee's Office. Attorney Steven Klesner appeared for Debtor Ricardo F. Ayala. After hearing arguments of counsel, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(A) or (B).

### Statement of the Case

This is the second case in which the U.S. Trustee has requested an examination of the compensation paid in a case that involved Attorney Philbert J. Turvin as Debtor's bankruptcy counsel. In the current and the previous case, Turvin allegedly took compensation but did not perform the work promised in return for the compensation. After hearing the evidence and arguments, the Court concludes that the compensation paid to Turvin should be disgorged.

### Findings of Fact

As in the previous case, Turvin did not appear at the hearing to offer any testimony, exhibits, or arguments. The U.S. Trustee offered exhibits which this Court received without objection. The Court also solicited and received professional statements from Attorneys John Schmillen, Assistant U.S. Trustee, and Steven Klesner, who now serves as attorney for Debtor. The Court relies upon the exhibits and statements offered.

Prior to the filing of this Chapter 7 case, Debtor consulted with Turvin about, among other things, the filing of a Chapter 7 case. In a signed statement Debtor later filed with the Iowa Client Security Commission, Debtor states that Turvin required a $1,390 fee. This amount was to include the Court's $299 filing fee. As of May 17, 2010, Debtor had paid $1,400 to Turvin.

In either June or July of 2010, Turvin told Debtor that his case was filed and he needed to attend a meeting of creditors on July 19, 2010. Turvin provided Debtor a date, time, and location for the meeting. Debtor showed up at the time and location Turvin gave him. Debtor then learned, courtesy of the U.S. Trustee's office, that there was no meeting in his case because no case had ever been filed on his behalf.

Debtor made multiple attempts to contact Turvin but has been unable to reach him. Turvin has not refunded any of Debtor's money, not even the $10 of overpayment.[1] Debtor has filed a police report with the Iowa City Police Department and, as noted above, a claim with the Iowa Client Security Commission.

On August 24, 2010, this Court received notice that Turvin's license was in retired/inactive status. In the first case, the parties demonstrated that numerous attempts were made to contact Turvin regarding his improper retention of unearned compensation—or to obtain an explanation. The parties demonstrated that none of these efforts were successful. They made the same showings in this case. It appears Turvin shut down his practice suddenly, moved his license to retired/inactive status, and kept all the money paid by his clients for bankruptcy cases whether he did the work or not.

## Conclusions of Law

---

[1] Debtor produced receipts of payments to Mr. Turvin totaling $1,000. Debtor stated in his sworn statement to the Client Security Commission and on his Statement of Financial Affairs in his current Chapter 7 case that he paid a total of $1,400 to Mr. Turvin. The Court accepts that Debtor paid $1,400 to Turvin.

2

Bankruptcy courts award fees under 11 U.S.C. § 330(a). Fees are awarded for "actual [and] necessary" services. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004). "The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a)." In re H & W Express Co., 2008 WL 5244924 (Bankr. N.D. Iowa 2008) (citing In re Clark, 223 F.3d 859, 863 (8th Cir. 2000)); Fed. R. Bankr. Proc. 2017.

When a fee paid to an attorney "in a case under this title, or in connection with such a case" exceeds the reasonable value of services rendered, the court may "cancel any such agreement, or order the return of any such payment, to the extent excessive, to the estate, if the property transferred (a) would have been property of the estate . . . ." 11 U.S.C. § 329(b). On its own motion, the court may, after notice and hearing, determine whether payments made to an attorney by a debtor, before or after the order for relief, are excessive. Fed. R. Bankr. Proc. 2017.

**Analysis**

Notwithstanding the fact that Turvin never filed a case for Debtor, fees paid to him by Debtor are subject to examination and disgorgement. The compensation paid is related to and connected with Debtor's current case in that it is the same relief Debtor has now obtained that he sought when he hired Turvin.

Turvin requested and accepted $1,400 in compensation to file Debtor's bankruptcy case and to represent Debtor in that case. Turvin did not file the case or provide any representation. Instead, he lied to his client, induced him to pay the fee, and kept the money. He lied by telling Debtor that a case had been filed. He also lied and used his knowledge of local bankruptcy practices to further his improper conduct when he sent Debtor to the place in this District where meetings of creditors are normally held. Debtor only learned of Turvin's deceit after the meeting

of creditors, where his case was never called.  Only then did Debtor realize he had paid for attorney services in a case the attorney never even filed.

Turvin's deception, lack of integrity, and apparent theft of client funds are serious misconduct.  This Court will order the full $1,400 fee disgorged and that it be returned to Debtor. This Court will also report Turvin's conduct to the proper licensing and disciplinary authorities for further review.

**WHEREFORE**, U.S. Trustee's Motion for Examination of Compensation Paid to Debtor's Counsel is GRANTED.

**FURTHER**, the Court orders Attorney Philbert J. Turvin to return to Debtor the $1,400 of the fees Debtor paid to Turvin to file the case and represent Debtor.

**FURTHER**, the Clerk's Office is to serve this Order on the following parties:  Debtor at his last known address on file; Attorney Steven Klesner, P.O. Box 3400, Iowa City, IA 52244; Attorney Philbert J. Turvin, P.O. Box 1517, Iowa City, IA 52244; Chapter 7 Trustee Wesley B. Huisinga; U.S. Trustee; and Client Security Commission, Judicial Branch Building, 1111 East Court Avenue, Des Moines, IA 50319.

**FURTHER,** the Clerk's office is to serve a copy of this order to the following for those bodies to determine the effect on Mr. Turvin's current and future licensing status:

| | |
|---|---|
| Clerk of Court | Clerk of Court |
| United States District Court | United States District Court |
| Northern District of Iowa | Southern District of Iowa |
| 4200 C. Street SW | P.O. Box 1944 |
| Cedar Rapids, IA 52404 | Des Moines, IA 50306-9344 |

4

The Honorable Linda R. Reade  
Chief District Judge  
U.S. Courthouse  
4200 C. Street SW  
Cedar Rapids, IA 52404  

The Honorable Robert W. Pratt  
Chief District Judge  
U.S. Courthouse  
123 East Walnut Street, 2nd Floor  
Des Moines, IA 50309-2035  

Clerk of the Supreme Court of Iowa  
Judicial Branch Building  
1111 E. Court Avenue  
Des Moines, IA 50319  

Dated and Entered:

December 2, 2010

_____  
THAD J. COLLINS  
CHIEF BANKRUPTCY JUDGE